UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA HEATHER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHLINE MEDIA, INC.,<br><br>Defendant. | Case No. 3:22-cv-05059-JD<br><br>**THIRD ORDER RE MOTION TO DISMISS** |

This is the Court's third order on the plausibility of plaintiffs' claims under the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710, against defendant Healthline Media, Inc. (Healthline). The prior orders stated in detail why plaintiffs had come up short on the allegations in the complaints. *See* Dkt. Nos. 38, 65. The parties' familiarity with these orders, and the record as a whole, is assumed, and the discussion in the orders is incorporated here.

In pertinent summary, plaintiffs alleged in the prior complaints that they had signed up for newsletters from Healthline on featured topics, which the Court concluded were not video goods or services as contemplated by the VPPA. As the Court stated in dismissing the first amended complaint, the allegations "established that plaintiffs subscribed to a predominantly written, not video, good or service, which is outside the purview of the VPPA." Dkt. No. 65 at 3.

Although plaintiffs had had multiple opportunities to amend, the Court granted leave to file a second amended complaint (SAC), which is plaintiffs' third try at plausibly alleging a VPPA claim and a dependent unjust enrichment claim. *See* Dkt. No. 68 (SAC). Healthline has asked again to dismiss under Rule 12(b)(6). Dkt. No. 71. The SAC is dismissed.

The reason for dismissal is straightforward. The SAC does not allege any new or different facts about the ostensible subscriber relationship between plaintiffs and Healthline. Once again, plaintiffs allege only that they subscribe to Healthline's newsletters on various topics. *See, e.g.,*

Dkt. No. 68 ¶ 69. It may be, as plaintiffs say, that a "key attribute" of the newsletters "is a set of embedded links to prerecorded videos on Healthline websites," *id.* ¶ 36, but as the Court concluded when plaintiffs made the same point previously, a newsletter "comprised primarily of text and occasional external hyperlinks to video content, does not fit readily within" the plain language of the VPPA, Dkt. No. 65 at 3. It bears mention that the SAC, like its predecessors, does not plausibly allege that newsletter subscribers had access to Healthline videos not available to nonsubscribers, or other special content reserved for subscribers.

To conclude that Healthline's newsletters are video goods or services within the meaning of VPPA would expand the reach of the statute far beyond its plain language and anything Congress contemplated. Vast numbers of online publishers provide written content with embedded links to related videos, and allow readers to sign up for alerts and other distributions that would otherwise be freely available to the public. In plaintiffs' view, the VPPA would extend to those publications. But nothing in the text of the VPPA supports such a broad application of the statute, and plaintiffs have not demonstrated otherwise.

Consequently, the SAC is dismissed. Further leave to amend at this stage is unwarranted. The case will be closed.

**IT IS SO ORDERED.**

Dated: June 7, 2024

JAMES DONATO
United States District Judge